**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4028**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CALVIN MORTIMER BRAME, JR., a/k/a C-Baby,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:10-cr-00285-D-1)

Submitted: November 16, 2012        Decided: December 13, 2012

Before SHEDD, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Mortimer Brame, Jr., pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Brame to 120 months' imprisonment. Brame appealed, and we remanded for resentencing pursuant to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. On remand, the district court applied the FSA to Brame, imposed an upward variance from the applicable advisory Guidelines range of seventy to eighty-seven months' imprisonment, and again sentenced him to 120 months' imprisonment. On appeal, Brame challenges this sentence, arguing that it is substantively unreasonable. We affirm.

As we have explained, "no matter what provides the basis for a deviation from the Guidelines range[,] we review the resulting sentence only for reasonableness." United States v. Evans, 526 F.3d 155, 164 (4th Cir. 2008). In doing so, we apply an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In assessing a sentencing court's decision to vary from a defendant's Guidelines range, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United

2

States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). We will find a sentence to be unreasonable "[i]f [the sentencing] court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentencing range." Id.

Relying on Tapia v. United States, 131 S. Ct. 2382, 2393 (2011) (holding that a district court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation"), Brame first asserts that the district court's determination at resentencing that the variance sentence was warranted, in part, to provide him with an opportunity to receive training no longer provides a valid reason for imposing an upward variance. Because Brame did not raise a Tapia objection below, we review for plain error only. Accord United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010) (applying plain error standard to "alleged error that arose during the court's statements explaining the basis for the sentence it imposed"), cert. denied, 132 S. Ct. 292 (2011). After review of the record, we find no basis for concluding that the district court would have imposed a lower prison term, but for its consideration of rehabilitation. See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (explaining that, in the sentencing context, a plain error affects substantial rights only if there is a nonspeculative

3

basis to believe that the sentence the defendant received was longer than the sentence he would have received but for the error). Accordingly, we conclude that, because any Tapia error in this case did not affect Brame's substantial rights, the district court did not plainly err in relying on this consideration in imposing the variance sentence.

Brame next argues that the district court abused its discretion in finding that such an extensive variance was warranted in this case. However, we conclude after review of the record that the court's sentencing decision is reasonable in light of Brame's history of recidivism, which reflects his disrespect for the law, and the need for the sentence to protect the public and to deter Brame. The court's consideration of the relevant 18 U.S.C. § 3553(a) (2006) factors and articulation of its reasons for varying from the Guidelines range support our decision to defer to the district court's determination as to the extent of the variance. See United States v. Diosdado-Star, 630 F.3d 359, 366-67 (4th Cir.) (affirming substantive reasonableness of variance sentence six years greater than Guidelines range because sentence was based on the district court's examination of the § 3553(a) factors), cert. denied, 131 S. Ct. 2946 (2011); see also United States v. Angle, 598 F.3d 352, 359 (7th Cir. 2010) ("All that matters is that the sentence

4

imposed be reasonable in relation to the 'package' of reasons given by the court.").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5